UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
JAMIR BOWEN,

            Plaintiff,                                **VERIFIED COMPLAINT**

     -against-                                       JURY TRIAL DEMANDED

CITY OF NEW YORK, POLICE OFFICER BERNARD
SOLOMON, POLICE OFFICERS "JOHN DOE" whose      Index No.:
identities are currently unknown.

            Defendants.
-------------------------------------------------------------------------x

    Plaintiff, by his attorneys, MARK L. LUBELSKY AND ASSOCIATES, complaining of the Defendants, alleges as follows:

## NATURE OF CASE

1.    This is an action by a citizen of the United States brought to remedy a deprivation of his civil rights by person(s) acting under color of state law in violation of 42 U.S.C. Section 1983 seeking damages, and other appropriate legal and equitable relief.

## PROCEDURAL AND JURISDICTION PREREQUISITES

2.    Plaintiff has complied fully with all prerequisites to jurisdiction in this Court. Jurisdiction of the court is proper under 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 1983.

3.    As the unlawful practices complained of herein occurred within the Southern District of New York, venue is proper.

## PARTIES

4. Upon information and belief, that at all times hereinafter mentioned, Defendant CITY OF NEW YORK was and still is a municipal corporation having its principal place of business in the County, City and State of New York.

5. Upon information and belief, that at all times hereinafter mentioned, Defendant CITY OF NEW YORK operated, maintained and was responsible for The New York City Police Department located in the County, City and State of New York.

6. Upon information and belief defendant POLICE OFFICER BERNARD SOLOMON deprived Plaintiff of his civil rights while acting under color of state law

7. Upon information and belief defendants POLICE OFFICERS "JOHN DOE" deprived Plaintiff of his civil rights while acting under color of state law.

8. Upon information and belief defendant POLICE OFFICER BERNARD SOLOMON was employed by the New York City Police Department at all material times herein.

9. Upon information and belief defendants POLICE OFFICERS "JOHN DOE" were employed by the New York City Police Department at all material times herein.

10. Upon information and belief defendant POLICE OFFICER BERNARD SOLOMON was employed by the CITY OF NEW YORK at all material times herein.

11. Upon information and belief defendants POLICE OFFICERS "JOHN DOE" were employed by the CITY OF NEW YORK at all material times herein.

12. Plaintiff at all material times herein, was and is a resident of the County, City and State of New York.

13. Plaintiff at all material times herein, resided at 500 West 146th Street, New York, New York 10032.

## MATERIAL FACTS

14. On or about February 15, 2012 at or about 6:00 p.m., Plaintiff was lawfully walking along Amsterdam Avenue.

15. On or about February 15, 2012 at or about 6:00 p.m., POLICE OFFICER BERNARD SOLOMON and POLICE OFFICERS "JOHN DOE" approached Plaintiff with their guns drawn.

16. On or about February 15, 2012 at or about 6:00 p.m., POLICE OFFICER BERNARD SOLOMON and POLICE OFFICERS "JOHN DOE" violently grabbed Plaintiff.

17. On or about February 15, 2012 at or about 6:00 p.m., POLICE OFFICER BERNARD SOLOMON and POLICE OFFICERS "JOHN DOE" chocked Plaintiff.

18. On or about February 15, 2012 at or about 6:00 p.m., POLICE OFFICER BERNARD SOLOMON and POLICE OFFICERS "JOHN DOE" repeatedly punched Plaintiff.

19. On or about February 15, 2012 at or about 6:00 p.m., POLICE OFFICER BERNARD SOLOMON and POLICE OFFICERS "JOHN DOE" grabbed Plaintiff and threw him to the ground.

20. On or about February 15, 2012 at or about 6:00 p.m., Plaintiff's head was caused to be slammed against the pavement as a result of POLICE OFFICER BERNARD SOLOMON and POLICE OFFICERS "JOHN DOE's" actions.

21. On or about February 15, 2012 at or about 6:00 p.m., POLICE OFFICER BERNARD SOLOMON and POLICE OFFICERS "JOHN DOE" repeatedly yelled at plaintiff to "shut up you stupid black nigga."

22. On or about February 15, 2012 at or about 6:00 p.m., POLICE OFFICER BERNARD SOLOMON and POLICE OFFICERS "JOHN DOE" refused to tell Plaintiff why he was being arrested and would only yell at Plaintiff "you know what you did."

23. On or about February 15, 2012 at or about 6:00 p.m., POLICE OFFICER BERNARD SOLOMON and POLICE OFFICERS "JOHN DOE" conducted an invasive search of Plaintiff's body that included Plaintiff's anus.

24. On or about February 15, 2012 at or about 6:00 p.m., Plaintiff was unlawfully arrested by POLICE OFFICER BERNARD SOLOMON and POLICE OFFICERS "JOHN DOE" without a warrant and without probable cause.

25. On or about February 15, 2012 at or about 6:00 p.m., Plaintiff was charged with PL 220.39 criminal sale of a controlled substance in the third degree.

26. On or about February 15, 2012 at or about 6:00 p.m., Plaintiff did not threaten POLICE OFFICER BERNARD SOLOMON and POLICE OFFICERS "JOHN DOE" in any manner at any point.

27. On or about February 15, 2012 at or about 6:00 p.m., Plaintiff was unlawfully arrested by POLICE OFFICER BERNARD SOLOMON and POLICE OFFICERS "JOHN DOE" without reasonable suspicion, probable cause or any valid basis for a warrantless arrest.

28. On or about February 15, 2012 at or about 6:00 p.m., Plaintiff was detained, violently manhandled and assaulted by POLICE OFFICER BERNARD SOLOMON and POLICE OFFICERS "JOHN DOE."

29. On or about February 15, 2012 at or about 6:00 p.m., POLICE OFFICER BERNARD SOLOMON and POLICE OFFICERS "JOHN DOE" committed a harmful and offensive contact with the person of Plaintiff.

30. On or about February 15, 2012 at or about 6:00 p.m., the forced used against Plaintiff was excessive.

31. On or about February 15, 2012 at or about 6:00 p.m., the force used against Plaintiff was unreasonable.

32. On or about February 15, 2012 at or about 6:00 p.m., the force used against Plaintiff was unnecessary.

33. On or about February 15, 2012 at or about 6:00 p.m., Plaintiff was deprived of his Fourth Amendment rights to be free from unreasonable searches and seizures.

34. On or about February 15, 2012 at or about 6:00 p.m., Plaintiff did not engage in any conduct, behavior or activity that was criminal, suspicious, or dangerous to himself or others.

35. On or about February 15, 2012 at or about 6:00 p.m., Plaintiff did not respond in a manner that was evasive, suspicious, false, or otherwise exhibited consciousness of guilt as to provide justification for the arrest.

36. On or about February 15, 2012 at or about 6:00 p.m., POLICE OFFICER BERNARD SOLOMON and POLICE OFFICERS "JOHN DOE" conducted an unlawful invasive search of Plaintiff's person.

37. On or about February 15, 2012 at or about 6:00 p.m., POLICE OFFICER BERNARD SOLOMON and POLICE OFFICERS "JOHN DOE" did not find a controlled substance on Plaintiff's person.

38. On or about February 15, 2012 at or about 6:00 p.m., POLICE OFFICER BERNARD SOLOMON and POLICE OFFICERS "JOHN DOE" did not find money on the Plaintiff's person.

39. On or about February 15, 2012 at or about 6:00 p.m., POLICE OFFICER BERNARD SOLOMON and POLICE OFFICERS "JOHN DOE" unlawfully handcuffed Plaintiff.

40. On or about February 15, 2012 at or about 6:00 p.m., Plaintiff was unlawfully detained and wrongfully imprisoned in violation of Plaintiff's civil rights.

41. On or about February 15, 2012 at or about 6:00 p.m., at no time during the events described herein was Plaintiff intoxicated, incapacitated, a threat to the safety of himself or others or disorderly.

42. On or about February 15, 2012 at or about 6:00 p.m., POLICE OFFICER BERNARD SOLOMON and POLICE OFFICERS "JOHN DOE" had no warrant for the arrest of Plaintiff, no probable cause for the arrest, and no legal cause or excuse to seize the Plaintiff.

43. Upon information and belief, Defendants intentionally attempted to deprive Plaintiff of his liberty.

44. Upon information and belief, Defendants intentionally deprived Plaintiff or his liberty.

45. On or about February 15, 2012 at or about 6:00 p.m., Plaintiff was deprived of his civil rights by Defendants while acting under color of state law.

46. On or about February 15, 2012 at or about 6:00 p.m., Defendants confined Plaintiff to a bounded area.

47. On or about February 15, 2012 at or about 6:00 p.m., Defendants intended to confine Plaintiff to a bounded area.

48.     On or about February 15, 2012 at or about 6:00 p.m., Plaintiff was conscious of his confinement.

49.     On or about February 15, 2012 at or about 6:00 p.m., Plaintiff at no time consented to the unlawful confinement.

50.     On or about February 15, 2012 at or about 6:00 p.m., Defendants falsely imprisoned Plaintiff.

51.     On or about February 15, 2012 at or about 6:00 p.m., Defendants wrongfully imprisoned Plaintiff.

52.     On or about February 15, 2012 at or about 6:00 p.m., Defendants' behavior towards Plaintiff was prohibited by federal law.

53.     On or about February 15, 2012 at or about 6:00 p.m., Plaintiff's right not to be subject to the illegal conduct of Defendants was clearly established.

54.     On or about February 15, 2012 at or about 6:00 p.m., it was objectively reasonable for Defendants to know that their conduct violated the constitutional rights of Plaintiff.

55.     On or about February 15, 2012 at or about 6:00 p.m., it was objectively reasonable for the Defendants to know that there was no lawful basis for the arrest, detention and imprisonment of Plaintiff.

56.     On or about February 15, 2012 at or about 6:00 p.m., it was objectively unreasonable that the Defendants did not know that their conduct violated the rights of Plaintiff.

57.     On or about February 15, 2012 at or about 6:00 p.m., it was objectively unreasonable that the Defendants did not know that there was no lawful basis for the arrest, detention and imprisonment of Plaintiff.

58. On or about February 15, 2012 at or about 6:00 p.m., a reasonable officer in POLICE OFFICER BERNARD SOLOMON and POLICE OFFICERS "JOHN DOE" position would not have thought his actions were lawful.

59. On or about February 15, 2012, Defendants commenced a criminal proceeding against Plaintiff.

60. On or about February 15, 2012, the criminal proceeding by the Defendants was not based on probable cause.

61. On or about February 15, 2012, the criminal proceeding was commenced by the Defendants with malice.

62. On or about February 15, 2012, Defendants were lacking probable cause to commence the criminal proceeding against Plaintiff.

63. On or about February 15, 2012, Plaintiff was deprived of his liberty.

64. On or about from February 15, 2012 to February 16, 2012 was unlawfully imprisoned and all resulting damages were the foreseeable result of the Defendants' unlawful arrest, imprisonment, and malicious prosecution.

65. Throughout Plaintiff's unlawful imprisonment, Plaintiff was denied medical treatment.

66. On or about February 16, 2012, Plaintiff sought treatment at New York Presbyterian Hospital.

67. On or about February 16, 2012, Plaintiff was treated for a facial contusion and back pain.

68. On or about February 16, 2012, Plaintiff was discharged from New York Presbyterian.

69. On or about September 24, 2012, all charges against Plaintiff were dismissed.

70. Defendants' entire course of conduct against Plaintiff was the result of a lack of training by Defendant CITY OF NEW YORK.

71. Defendants' entire course of conduct against Plaintiff was the result of a lack of improper supervision by Defendant CITY OF NEW YORK.

72. Defendants' entire course of conduct against Plaintiff was the result of a lack of improper and/or negligent hiring by Defendant CITY OF NEW YORK.

## AS A FIRST CAUSE OF ACTION FOR A VIOLATION OF 42 U.S.C. § 1983 FOR FALSE ARREST AND UNLAWFULL IMPRISONMENT

73. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "72" inclusive, with the same force and effect as if more fully set forth at length herein.

74. Plaintiff has been deprived of his civil rights by Defendants while acting under color of state law in violation of 42 USC § 1983.

75. Defendants intended to confine and did confine Plaintiff.

76. Plaintiff did not consent to the confinement and was conscious of the confinement.

77. The confinement was not privileged at anytime.

78. Defendants conduct violated a clearly established constitutional right of which a reasonable person would have known.

79. It was not objectively reasonable for Defendants to believe their actions were lawful.

80. That by reason of the foregoing, Plaintiff has suffered damages and seeks recovery for compensatory damages and reasonable attorneys' fees and costs from all Defendants and punitive damages from all individual Defendants, in an amount to be determined upon the trial of this action.

## AS A SECOND CAUSE OF ACTION FOR A VIOLATION OF 42 U.S.C. § 1983 FOR MALICIOUS PROSECUTION

81. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "80" inclusive, with the same force and effect as if more fully set forth at length herein.

82. Plaintiff has been deprived of his civil rights by Defendants while acting under color of state law in violation of 42 USC § 1983.

83. Defendants commenced a criminal proceeding against Plaintiff.

84. The proceeding terminated in the Plaintiff's favor.

85. The proceeding was not based on probable cause and brought with actual malice.

86. That by reason of the foregoing, Plaintiff has suffered damages and seeks recovery for compensatory damages and reasonable attorneys' fees and costs from all Defendants and punitive damages from all individual Defendants, in an amount to be determined upon the trial of this action.

## AS A THIRD CAUSE OF ACTION FOR A VIOLATION OF 42 U.S.C. § 1983

87. Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "86" inclusive, with the same force and effect as if more fully set forth at length herein.

88. Defendant CITY OF NEW YORK had a duty to properly train Defendant Officers and Defendant CITY OF NEW YORK failed to properly train Defendant Officers.

89. The failure to properly train Defendant Officers caused Plaintiff to be deprived of his civil rights by a person(s) acting under color of state law in violation of 42 USC § 1983.

90. The failure to properly train Defendant Officers caused Plaintiff to be deprived of his civil rights by the Defendants acting under color of state law in violation of 42 USC § 1983.

91. Defendant CITY OF NEW YORK had a duty to properly supervise Defendant Officers and Defendant CITY OF NEW YORK failed to properly supervise Defendant Officers.

92. The failure to properly supervise Defendant Officers caused Plaintiff to be deprived of his civil rights by a person(s) acting under color of state law in violation of 42 USC § 1983.

93. That by reason of the foregoing, Plaintiff has suffered damages and seeks recovery for compensatory damages and reasonable attorneys' fees and costs from all Defendants and punitive damages from all individual Defendants, in an amount to be determined upon the trial of this action.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount to be determined at trial including but not limited to compensatory damages against all Defendants and punitive against the Defendant Officers together with attorneys' fees and the costs and disbursements of this action.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: New York, New York  
November 14, 2012

MARK L. LUBELSKY AND ASSOCIATES

By:_____  
Mark L. Lubelsky, Esq.  
Attorneys for Plaintiff  
123 West 18th Street, Eighth Floor

New York, New York 10011
(212) 242-7480
File: 6790

## CLIENT VERIFICATION

JAMIR BOWEN, being duly sworn deposes and says the following under the penalties of perjury;

I am the plaintiff in the within action, and as such, I am fully familiar with all the facts and circumstances herein.

I have read the foregoing COMPLAINT, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe them to be true.

Dated: New York, New York

November 14, 2011

_____
JAMIR BOWEN

State of New York   )
                    ) ss.:
County of New York  )

On the 14 th day of November, in the year 2012 before me, the undersigned, a Notary Public an and for the State, personally appeared Jamir Bowen personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) who name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument

_____
Notary Public: State of New York

Mathew W Beckwith
Notary Public
State Of New York
My Commission Expires 04-19-2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMIR BOWEN,

        Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER BERNARD SOLOMON, POLICE OFFICERS "JOHN DOE" whose identities are currently unknown.

        Defendants.


~~SUMMONS IN A CIVIL ACTION~~
**VERFIED COMPLAINT**

MARK L. LUBELSKY AND ASSOCIATES
Attorneys for Jamir Bowen
ATTORNEYS AT LAW
123 WEST 18TH STREET
EIGHTH FLOOR
NEW YORK, NEW YORK 10011
(212) 242-7480
File No.: 6849

TO

Attorney(s) for

Service of a copy of the within
is hereby admitted.